UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**NICHOLAS T. ARAGON, JR.**,

      Plaintiff,

vs.

                                                                                             No. CIV 1:97-605 BB/LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security**[1],

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party receives a copy of these Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition. A party must file any objections within the time period allowed if that party desires review by the district court. In the absence of timely-filed objections, no review will be entertained.

### PROPOSED FINDINGS

Plaintiff Nicholas T. Aragon, Jr. ("Aragon") invokes this Court's jurisdiction under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Health and Human Services ("Commissioner"). The Commissioner determined that Aragon is not eligible for Supplemental Security Income (SSI). Aragon now moves this Court for an order reversing for an

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for Acting Commissioner John J. Callahan as the defendant in this suit.

immediate award of benefits or, in the alternative, remanding this matter for a rehearing. (Mot. to Reverse or Remand at 1). This Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

### A. Statement of the Facts

Aragon alleges disability due to frequent heart palpitations, a back injury and residual problems arising from a gunshot head wound suffered in 1971. (Tr. at 13-14). At the time of the hearing before the Administrative Law Judge (ALJ), Aragon was forty-two years old. (Tr. at 16). He has a twelfth grade education, as well as subsequent training as a baker. *Id*. Aragon's past relevant work experience was as a railroad laborer, a maintenance man, a doughnut fryer and a janitor. (Tr. at 17). He has not engaged in substantial gainful activity since August 22, 1994. (Tr. at 16).

After holding an administrative hearing, the ALJ found that Aragon was not disabled at step five of the sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step evaluation process for determining disability). Specifically, the ALJ determined that based upon Aragon's age, educational background and work experience, as well as his exertional capacity to perform light work and the absence of nonexertional impairments, Aragon was not disabled pursuant to Section 416.969 and Rule 202.20 of Table No. 2 and Rule 201.27 of Table 1, Appendix 2, Subpart P, Regulations No. 4 (hereinafter "the Grids"). (Tr. at 17). This became the final decision of the Appeals Council on February 21, 1997. (Tr. at 4-5).

### B.     The Standard of Review

The function of this Court on review is not to try the plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Teter v. Heckler*, 775 F.2d 1104, 1105 (10th Cir. 1985).

It is well settled that if there is substantial evidence to support the Commissioner's decision and if the Commissioner applied correct legal standards, then that decision must be upheld. *Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993). This Court will not reweigh the evidence generally, *Hamilton*, 961 F.2d at 1498, nor second-guess the ALJ's credibility determinations, *Williams v. Bowen*, 844 F.2d 748, 755 (10th Cir. 1988). "However, the district court should not blindly affirm the [Commissioner's] decision but must instead scrutinize the entire record to determine if the plaintiff's claim has been fairly evaluated and the law has been correctly applied." *Hogan v. Schweiker*, 532 F.Supp. 639, 642 (D.Colo. 1982).

### C.     The Motion to Reverse or Remand

In his memorandum brief, Aragon makes four arguments to support his motion to reverse or remand. First, he alleges that the ALJ failed to consider the evidence pertaining to the time period in question. (Mem. Supp. Mot. to Reverse or Remand at 10-14). Second, Aragon contends that the ALJ failed to assess the combined effect of his multiple impairments on his

ability to work. (Mem. Supp. Mot. to Reverse or Remand at 14-15). Third, Aragon avers that the ALJ erred in mechanically applying the Grids. (Mem. Supp. Mot. to Reverse or Remand at 15-17). Finally, Aragon submits that the ALJ erred in her assessment of Aragon's credibility. (Mem. Supp. Mot. to Reverse or Remand at 18-19).

      **a.**      **Consideration of Medical Evidence During Proper Time Period**

In his first argument, Aragon alleges that the ALJ failed to consider medical evidence related to the time period in question. (Mem. Supp. Mot. to Reverse or Remand at 10-14). Specifically, Aragon argues that the ALJ failed to consider the impact of Aragon's impairments *after* the application date of August 22, 1994, thereby precluding consideration of Aragon's increased symptomology related to his impairments. *Id*.

In my view, this argument lacks merit. The record demonstrates that the ALJ considered medical evidence after the above application date. For example, in her written opinion the ALJ discusses post-application date medical evidence such as Dr. Balcazar's report. (Tr. at 14). The ALJ also discussed the most recent available findings of Dr. Yamamoto, Aragon's treating physician. (Tr. at 13-14). Furthermore, the ALJ requested the most recent medical evidence at the administrative hearing, which Aragon's counsel had failed to obtain by that date. (Tr. at 261-62, 270-71). The record indicates that some of these more recent medical records may have been submitted after the ALJ rendered her written decision on May 29, 1996. (*See* Tr. at 222-238).

Finally, the record shows that the medical evidence submitted by Aragon after the ALJ's decision was properly considered by the Appeals Council when that body reviewed the ALJ's findings. (Tr. at 4-5). Therefore, both the ALJ and the Appeals Council properly considered all relevant evidence that was tendered by Aragon. For these reasons, and mindful of the proper

standard of review, I find no merit to Aragon's first argument.

### b. Consideration of Combined Effects of Multiple Impairments

In his second argument, Aragon contends that the ALJ committed error by failing to properly assess the combined effect of Aragon's multiple impairments. (Mem. Supp. Mot. to Reverse or Remand at 14-15). These multiple impairments would include paroxysmal atrial tachycardia (heart palpitations), back pain, and the residual effects from Aragon's gunshot injury. *Id*.

It is well settled that the Commissioner "must consider the combined effects of impairments that may not be severe individually, but which in combination may constitute a severe medical disability." *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). In my estimation, the ALJ gave proper consideration to all of Aragon's impairments.

In her decision, the ALJ concluded that Aragon was capable of performing light work. (Tr. at 13, 15). She made this determination only after fully discussing all of Aragon's impairments and his credibility. This included consideration of Aragon's back pain and heart problems on his ability to perform light work. (Tr. at 15).

Furthermore, contrary to Aragon's contentions, there was no objective medical evidence of any mental impairment. Therefore, I agree with the ALJ that there are no nonexertional limitations on Aragon's ability to work. (*See* Tr. at 16).

For the aforementioned reasons, and cognizant of the standard of review, I find no merit to Aragon's assertion that the ALJ failed to consider the combined effect of Aragon's impairments on his ability to work.

### c. Application of the Grids in Finding Nondisability

Aragon also argues that the ALJ erred in mechanically applying the Grids. (Mem. Supp. Mot. to Reverse or Remand at 15-17). Specifically, Aragon submits that the ALJ erred when she used the Grids to find Aragon was not disabled because Aragon's condition does not fit on the Grids. *Id*.

The premise to this argument is that the ALJ failed to assess the impact of nonexertional impairments. (Mem. Supp. Mot. to Reverse or Remand at 16). Essentially, Aragon argues that the ALJ incorrectly failed to consider Aragon's heart condition and pain in the Step Five equation. However, I agree with the ALJ that Aragon has no nonexertional impairments that would significantly compromise Aragon's ability to work at the Step Five inquiry. (*See* Tr. at 16). I do so for two reasons.

First, I find no merit to Aragon's argument that the ALJ failed to consider any mental impairments. The ALJ's determination that Aragon did not have any mental impairments that affect his ability to work is supported by substantial evidence.

Similarly, the ALJ's finding that Aragon's complaints of pain were not fully credible is supported by substantial evidence. In her decision, the ALJ failed to factor Aragon's complaints of pain into the Step Five inquiry because the ALJ did not find these complaints credible. (Tr. at 15). The courts "normally defer to the ALJ on matters involving the credibility of witnesses." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Nonetheless, "deference [to the ALJ] is not an absolute rule." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). In my estimation, there is nothing in the record that undermines the ALJ's credibility determination.

Regarding the pain issue, a review of the ALJ's decision demonstrates that the ALJ never

made a finding that a pain-producing impairment exists.  *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987) (pain-producing impairment must be proven by objective medical evidence).  The law requires that the ALJ consider subjective complaints of pain, along with any corroborating medical evidence, the claimant's daily activities, any medication, symptoms, etc., in making the pain inquiry.  *Id.* at 165-66.  Finally, "to be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment."  *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986).  In my view, and mindful of the proper standard of review, the ALJ dealt properly with the issue of pain.  Furthermore, the ALJ's rationale for not considering Aragon's subjective complaints of pain at the Step Five inquiry is supported by substantial evidence.

Finally, I find no error on the part of the ALJ in using the Grids to make a finding of nondisability.  There was no finding of nonexertional impairments.  After an extensive inquiry, the ALJ found that Aragon was capable of performing light work.  At age forty-two, Aragon is considered a "younger person" under the regulations.  He has a high school education.  Thus, Aragon's work capabilities precisely fit the Grids and the ALJ did not err in using the Grids to make a finding of nondisability.

### d. Credibility Determination

Finally, Aragon argues that the ALJ erred in her assessment of Aragon's credibility. (Mem. Supp. Mot. to Reverse or Remand at 18-19).  Specifically, Aragon argues that based upon the evidence, the ALJ could not have reasonably found that Aragon lacked credibility.

While the courts "normally defer to the ALJ on matters involving the credibility of witnesses," *Glass*, 43 F.3d at 1395, that "deference is not an absolute rule."  *Thompson*, 987 F.2d

at 1490.  Here, the record indicates that the ALJ carefully reviewed all of the medical evidence of record that was before her, including the evidence dated after Aragon's application date of August 22, 1994.  (*See* Tr. at 13-14).  Additionally, I find that the Appeals Council considered the evidence submitted by Aragon after the ALJ's written decision.  (*See* Tr. at 4-5).  In my view, the new evidence before the Appeals Council does not upset the substantial evidence supporting the ALJ's credibility determination.  Thus, I disagree with Aragon and instead find that the conclusions of the ALJ regarding credibility and the Commissioner regarding the medical evidence submitted after the ALJ's decision are both supported by substantial evidence.

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

For the aforementioned reasons, and mindful of the proper standard of review, I find that the Commissioner's decision that Aragon is not disabled is supported by substantial evidence. Consequently, I recommend that Aragon's motion to reverse or remand be denied and that this case be dismissed with prejudice.

_____
Leslie C. Smith
United States Magistrate Judge